IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JERRY DOUGLAS JOHNSON**                                                            **PLAINTIFF**

v.                                            No. 3:18CV232-NBB-RP

**BRAD LANCE**
**NURSE T. BAKER**
**TATE COUNTY JAIL**                                                 **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Jerry Douglas Johnson, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants failed to provide him with adequate medical care after he was attacked and beaten by another inmate. The defendants have moved for summary judgment; the plaintiff has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the motion by the defendants for summary judgment will be granted, and judgment will be entered in favor of the defendants.

### Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of

proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

The very purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine issue for trial." Advisory Committee Note to the 1963 Amendments to Rule 56. Indeed, "[t]he amendment is not intended to derogate from the solemnity of the pleadings[;] [r]ather, it recognizes that despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary." *Id.* The non-moving party (the plaintiff in this case), must come forward with proof to support each element of his claim. The plaintiff cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986), "conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73, 110 S.Ct. 3177, 3180 (1990), "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir. 1994), or by a mere "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir. 1994). It would undermine the purposes of summary judgment if a party could defeat such a motion simply by "replac[ing] conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990).

In considering a motion for summary judgment, a court must determine whether the non-moving party's allegations are *plausible*. *Matsushita, supra*. (emphasis added). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) (discussing plausibility of claim as a requirement to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)). In deciding whether summary judgment is appropriate, once the court "has determined the relevant set of facts and drawn all inferences in favor of the nonmoving party *to the extent supportable*

*by the record*, [the ultimate decision becomes] purely a question of law." *Scott v. Harris*, 550 U.S. 372, 381 (2007) (emphasis in original). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on the motion for summary judgment." *Id.* at 380.

## Undisputed Material Facts[1]

In August 2018, Johnson was a pretrial detainee at the Tate County Jail.[2] At 3:30 p.m. on August 14, he was assaulted by another inmate, James Turner, who caused trauma to Johnson's face and mouth.[3] His injuries included teeth that were knocked out and fractures to his facial bones.[4] The same day, he was taken to the emergency room at Tri-Lakes Hospital in Batesville, Mississippi.[5] A CT scan was performed on him and diagnosed Plaintiff with a "nondisplaced fracture traversing the anterior maxilla and anterior nasal spine."[6] Panola Medical Center's follow-up instructions stated to "follow up with dentist ASAP."[7] Medical staff at the Tate County Jail followed up with a dentist in 2 days, and Plaintiff saw Dr. Graves, a dentist, within that time.[8] He was provided medications in the

---

[1] The court has drawn the facts for the analysis of the instant summary judgment motion from those found in the defendants' motion for summary judgment. As the plaintiff has not responded to the motion, they are undisputed, and they are well-documented in the exhibits attached to the motion.

[2] According to MDOC records, the plaintiff was indicted for conspiracy and false pretenses in March 22, 2017, and sentenced on November 20, 2018. As such, he was a pretrial detainee for the majority of his time with the Tate County Jail.

[3] Exhibit A at ¶ 3; Exhibit B at ¶3; Exhibit G.

[4] Exhibit C; Exhibit G.

[5] Exhibit C.

[6] Exhibit C at pg. 3.

[7] Exhibit C at pg. 1.

[8] Exhibit A at ¶ 4; Exhibit G.

jail, which he claimed did not help him.⁹ On August 17, 2018, he claimed that he lost sight in one eye and lost 2 teeth.¹⁰ He claimed that jail staff served him a food tray with regular food, which he had difficulty eating.¹¹

Dr. Graves, after examining Mr. Johnson, stated that he needed to see a maxillofacial surgeon.¹² Over the next week, Nurse Baker spoke with surgeons that the jail often used; however, they informed her that they no longer saw inmates.¹³ Additionally, during that time frame, Nurse Baker spoke with Dr. Whittaker in Oxford, Mississippi, who stated he could not see Johnson because he would have to be seen at a hospital.¹⁴ Eventually, Dr. Graves recommended Dr. Roberts, and Nurse Baker set an appointment at the first available time, August 29, 2018.¹⁵ Nurse Baker informed Johnson on August 20, 2018, that he was scheduled to see the surgeon on August 29, 2018.¹⁶ On a follow-up call, Dr. Roberts informed Nurse Baker that he declined to treat Plaintiff's injuries because his injuries were due to trauma.¹⁷ Nurse Baker then provided Dr. Ruhl, a local physician and the jail doctor, with Johnson's x-rays and CT results.¹⁸ Dr. Ruhl sent Johnson's x-rays to an Ear, Nose, and

---

⁹ Exhibit A; Exhibit K.
¹⁰ Exhibit D.
¹¹ Exhibit D.
¹² Exhibit A at ¶ 4; Exhibit G.
¹³ Exhibit A at ¶ 5; Exhibit G; Exhibit H.
¹⁴ Exhibit A at ¶ 5; Exhibit G; Exhibit H.
¹⁵ Exhibit A at ¶ 5; Exhibit G; Exhibit H.
¹⁶ Exhibit D.
¹⁷ Exhibit A at ¶ 5; Exhibit G; Exhibit H.
¹⁸ Exhibit A at ¶ 6; Exhibit B at ¶ 4; Exhibit H.

Throat specialist.[19] After examining Mr. Johnson's x-rays, the ENT informed Dr. Ruhl and Nurse Baker that Johnson had a closed, or non-displaced, fracture which did not require surgery.[20]

He was taken to Baptist Desoto Hospital on September 7, 2018, for a follow-up CT scan on his chest.[21] He asked to see the results of that testing in a medical request filed on September 24, 2018, but he has not seen them.[22] On September 27, 2018, Dr. Graves fitted Plaintiff with partial dentures.[23]

By October 12, 2018, Mr. Johnson had seen numerous medical providers (doctors, nurses, and a dentist) multiple times, and Dr. Ruhl told him that his injuries were healing properly.[24]

Below is a timeline of Mr. Johnson's medical treatment, medical requests, and grievances:[25]

| | |
|---|---|
| 5/9/16 | Inmate Medical Request: Vision/eye appointment for 5/13/16 in Coldwater at 11:00 |
| 4/17/18 | Seen at Baptist Desoto with chief complaint of abscess (bumps on both sides of head); stated his niece was diagnosed with hand, foot, and mouth disease; has had fever for 2 days |
| | Diagnosis: folliculitis on neck, chin, and scalp; was given antibiotics |

---

[19] Exhibit A at ¶ 6; Exhibit B at ¶ 4;

[20] Exhibit A at ¶ 6; Exhibit B at ¶ 4; Exhibit E.

[21] Exhibit F.

[22] Exhibit D.

[23] Exhibit D.

[24] Exhibit B at ¶ 5.

[25] The majority of this summary is taken from Exhibit D. Additional citations have been provided throughout this section when referring to other documents.

| | |
|---|---|
| 6/2/18 | Seen at Baptist Desoto with chief complaint of right sided chest pain; is a smoker; observed chills, fever, cough, chest pain (area of chest circled on anatomical drawing of chest area is the mid right rib cage area); |
| | X-ray of chest was taken; Findings: no infiltrate, effusion, or pneumothorax, no abnormality |
| | Ultrasound of gallbladder was taken; Impression is normal with exception of bowel gas |
| | CT of chest was taken; Impression: an 11 mm noncalcified soft tissue nodule in lateral portion of right lower lobe labeled as pneumonia; recommends followup CT in 3 months |
| 6/25/18 | Medical Request: pain in my right lung need to see a doc. |
| | "The doctor will be here tomorrow" - Nurse Baker, 6/25/18 at 3:10 p.m. |
| 7/16/18 | Medical Request: having problems with both lungs, the pain is almost unbearable it was just the right one now both of them having trouble breathing |
| | "This request has been answered" - Nurse Baker, 7/17/18 at 4:12 p.m. |
| 7/20/18 | Medical Request: I have a tooth that the filling has came out and broke off need to have it removed |
| | "I will make you a dentist appointment" - Nurse Baker, 7/24/18 at 1:47 p.m. |
| 7/23/18 | Medical Request: the steroid pack the doctor gave me has not helped my symptoms in my lungs still hurting its not a muscle its in are around my lungs can't coff sneeze are blow my nose with out pain it seems to be getting worse.from the front of my chest to the center of my back |
| | "This request has been answered" - Nurse Baker, 7/24/18 at 2:17 p.m. |

| | |
|---|---|
| 7/26/18 | Radiology Report to Tate County Jail: Results of X-ray to chest: Findings: no pneumonia, normal cardiac rhythm, no pleural effusion, no pneumothorax, overriding fracture of left lateral fifth rib seen with potential fracture of left sixth rib |
| 8/9/18 | Medical Request: its going to be the end of September before I see my primary care doctor I got a letter in mail from a lung specialist for me to come in.ASAP so if you will go ahead and schedule me to see the doctor for the lump in my chest<br><br>"I will take care of it" - Nurse Baker, 8/9/18 at 12:15 p.m. |
| 8/9/18 | Inmate Medical Request and Nursing Assessment: complaint of chest pain on right side from knot; not on meds; reports pain across chest and shooting across breast bone; right side huts when palpated; has knot under right breast that is movable and hot to touch; knot is size of egg |
| 8/10/18 | Medical Request: just going to see if you would send me a heating pad.my chest is hurting<br><br>"I will see if I can get you one" - Nurse Baker, 8/13/18 at 11:16 a.m. |
| 8/14/18 | Medical Progress Notes of Nurse Baker[26]<br><br>Time: 1600: Nurse Baker was called to the nurse's station by Officer Armstrong to check on Johnson because he was assaulted by another inmate; she assessed his two front teeth missing and he had a split lip; she informed Lt. Alexander that Johnson needed to be transported to hospital; Johnson was taken to Panola Medical Center where he was seen at ER; ER doctors recommended that Johnson follow up with a dentist asap and was given meds; nurse had inmate transported to Dr. Graves on |

---

[26] Exhibit G; Exhibit H.

| | |
|---|---|
| | 8/15/18; Dr. Graves referred a doctor in Southaven, MS; Nurse Baker called the doctor and was informed that he no longer did surgery; Nurse Baker called Dr. Ruhl and instructed Nurse Baker to call Dr. Laurenzo in Oxford; Dr. Laurenzo's office referred to Dr. Whitaker in Oxford. |
| 8/14/18 | Seen at Panola Medical Center ER with chief complaint of dental pain and laceration on face<br><br>Diagnosis: fracture of nasal bones, initial encounter for closed fracture; laceration without foreign body of lip, initial encounter<br><br>Was prescribed medicine for pain and antibiotic with notation "follow up with dentist - asap"<br><br>CT's were done with findings: nondisplaced fracture of anterior maxilla (upper back jaw at hinge site) and anterior nasal spine (nose); cut on face; eyes are normal; mild sinus mucus |
| 8/15/18 | Tate County Jail Dental Report by Dr. Ruhl: has lost teeth 7 & 8 completely; began warm salty water rinses asap; give Sensodyne toothpaste; after healing, recommend partial bridge |
| 8/15/18 | Medical Request: Chief v. Byrd sir I have been laying in the zone all night can't breath and chest pain knocked out teeth and fractured bones in my face told staff but still setting here in pain unbearable!<br><br>"Request was closed without a response" - Lt. B. Sharp, 8/15/18 at 12:12 p.m. |
| 8/15/18 | Medical Request: They never brought me any soup the meds are hurting my stomach and could I get a ice pack please thank you sooo much |

| | |
|---|---|
| | "I can bring you some ice but I can't bring you any soup because you took a lunch tray, that is policy" - Nurse Baker, 8/16/18 at 12:40 p.m. |
| 8/15/18 | Medical Request: My face and mouth pain is unbearable nurse Baker the meds are not helping I can't breathe threw my nose so taking a breath threw my mouth hurts so bac I feel like I'm going to pass out! |
| | "I am sorry you're in pain. You have an appointment with a maxillofacial surgeon set up." - Nurse Baker, 8/16/18 at 12:45 p.m. |
| 8/16/18 | Medical Request: Sheriff b.Lance sir I'm in pain can't even get my meds for lack of statt. Sargent. Alexander witnessed the dentist x-ray I have fractured bones in my face that need surgery ASAP. lost the sight in my right eye 2 teeth gone nasal cavity crushed I need medical attention. |
| | Please respond! I'm filing grievance today. - 8/17/18 at 8:22 p.m. |
| | "Request was closed without a response." - Sheriff B. Lance, 9/24/18 at 9:55 a.m. |
| 8/21/18 | Medical Progress Notes of Nurse Baker (#13 in investigative) |
| | Time: 0912 Spoke with Brianna at Dr. Whitaker's office and was instructed that Dr. Whitaker can't see him because he would need to be seen in a hospital |
| | Time: 0914: spoke with Susan at Dr. Graves office and was told to try Dr. Roberts in Southaven, a maxillofacial surgeon) |
| | Time: 0931: Spoke with Sandy at Dr. Roberts office and was instructed that Dr. Roberts doesn't see trauma patients |
| | Time: 0958: Spoke with Dr. Ruhl instructed her that he would speak to Dr. Chamin, and Ear Nose and Throat Specialist. Nurse Baker gave Dr. Ruhl the CT's and x-rays; will continue to follow up |

| | |
|---|---|
| 8/22/18 | Medical Request: Doctor said I could have my Stitch's removed yesterday 9/21/18 but never where my lip is hurting and looks like my skin is growing over them???? |
| | "I am going to remove your stitches" - Nurse Baker, 8/23/18 at 1:09 p.m. |
| 8/22/18 | Medical Request: There is a piece of tooth or bone that is coming out of the roof of my mouth I can't take much more pain please help |
| | "You will see Dr. Graves on Wednesday and have a ct done 9/7." - Nurse Baker, 8/23/18 1:11 p.m. |
| 8/22/18 | Medical Request: There is a bone coming out of the roof of my mouth in pain!!!! |
| | "Request was closed without a response." - Sheriff B. Lance, 9/24/18 at 9:56 a.m. |
| 8/23/18 | Medical Progress Notes of Nurse Baker[27] |
| | Time: 1200 |
| | Johnson was assessed by Dr. Ruhl; he recommended using Afrin bidx 3 days to alleviate swelling; Nurse Baker made an appt. with Dr. Graves for 8/29/18 at 10:00; pltf has 2 stitches that need to be removed, but when removed, lip bleeds profusely; Dr. Ruhl recommended leaving stitches for an additional 2 weeks, allowing the scab to come off to and lip to heal more |
| 8/23/18 | Medical Request: What about the surgeon Baptist desoto all that in the same day?? |
| | "No. You will go to Dr. Graves on 8/29 and Baptist on 9/7" - Nurse Baker, 8/24/18 at 1:55 p.m. |
| 8/23/18 | Inmate Medical Request and Nursing Assessment: removed 3 sutures from bottom lip; has 2 stitches left, but when attempt to remove stitches the lip begins to bleed |

---

[27] Exhibit H.

| | |
|---|---|
| | profusely; stopped and did not remove last 2 stitches follow up with Dr. Ruhl 8/24/18; prescribed antibiotic for 10 days |
| 8/24/18 | Dr. Ruhl Spoke to ENT specialist, no need for referral for non-displaced maxillary fx and nasal plate. Recommends Afrin for right nasal cavity. No evidence of infection; awaiting Dr. Graves work on teeth. |
| 8/24/18 | Tate County Jail Dental Report by Dr. Ruhl: remove suture over lip and evaluate for restoring teeth #7 & 8 (knocked out); continue to rinse with warm salty water; wash 4-5 times daily |
| 8/28/18 | Medical Request: Ms Baker please don't forget about me my lip is hurting need these stitches out!!<br><br>"You go to the dentist tomorrow and it is right across from Dr. Ruhl. We will kill 2 birds with one stone." - Nurse Baker, 8/28/18 at 2:46 p.m. |
| 8/28/18 | Medical Request: Thank you??<br><br>"You're welcome" - Nurse Baker, 8/29/18 at 2:37 p.m. |
| 8/30/18 | Medical Request: Can I get some more afrin nasal spray I'm out and I'm stopped up again<br><br>"I'm sending your spray and salt at dinner" - Nurse Baker, 8/31/18 at 1:06 p.m. |
| 9/7/18 | Seen at Baptist Desoto for follow-up CT of chest from nodule found on 6/2/18; Findings: nodule has decreased by half and follow up in 6 months |
| 9/7/18 | Medical Request: Do you know when my last appointment is at doctor Gray's to get my permanent teeth thanks<br><br>"I don't but I will find out" - Nurse Baker, 9/10/18 at 12:41 p.m. |
| 9/10/18 | Medical Request: Can I get some more salt |

"Ok" - Nurse Baker, 9/11/18 at 3:12 p.m.

| | |
|---|---|
| 9/11/18 | Inmate Medical Request and Nursing Assessment: reports a knot to roof of mouth that is painful; states knot recently came up; no drainage noted; prescribed Bactin for 7 days, Melatonin |
| 9/12/18 | Medical Request: My face is hurting Sharp pain in my face where the fracture is this is not a normal pain my family looked up online and that's not normal????? and they have no idea about any meds that the doctor allowed and also I've been asking the officers for salt for days know????<br><br>"I will get you some salt back there.  Online medical advice is the worse advice you can get.  Dr. Ruhl put on on antibiotics that came in today, you will start them tonight." - Nurse Baker, 9/12/18 at 1:53 p.m. |
| 9/12/18 | Medical Request: What about melatonin???<br><br>"It's on the cart" - Nurse Baker, 9/12/18 at 4:38 p.m. |
| 9/13/18 | Medical Request: Nurse T.baker can I please get some salt still have not got any thank you<br><br>"Bringing it now" - Nurse Baker, 9/13/18 at 2:44 p.m. |
| 9/14/18 | Medical Request: I can't breath out of my right side of my nose again ??<br><br>"I will get you nasal spray" - Nurse Baker, 9/17/18 at 2:43 p.m. |
| 9/17/18 | Medical Request: Hello ms baker just checking to see when I get my permanent teeth thank you so much;)<br><br>"I called Dr. Graves office and was informed they should be in by the end of this week or the beginning of next week and you're welcome." - Nurse Baker, 9/17/18 at 3:05 p.m. |

| | |
|---|---|
| 9/21/18 | Medical Request: Did you ever get my results from Baptist desoto my right side of my chest is swelling and hurting and my lower back have apatite and it's a sharp pain in my chest and back???? |
| | "I will send you your results." - Nurse Baker, 9/24/18 at 12:14 p.m. |
| 9/24/18 | Medical Request: Yes ms baker these temporary teeth are coming out they are loose have you heard anything from the dentist about my permanent teeth ???? |
| | "I will find out" - Nurse Baker, 9/24/18 at 12:54 p.m. |
| 9/24/18 | Medical Request: And also can I get a copy of my results from the ct Scan ? |
| | "you will have to get them from the hospital" - Nurse Baker, 10/12/18 at 8:40 a.m. |
| 9/24/18 | Medical Request: Did you find anything out I can't even eat? |
| | "Pt has received his permanent teeth." - Nurse Baker, 9/27/18 at 2:02 p.m. |
| 9/26/18 | Medical Request: My teeth are hurting and loose??????? |
| | "This patient saw Dr.Graves today, 9-27. Recommendations are to use Sensodyne toothpaste." - Nurse Baker, 9/27/18 at 2:15 p.m. |
| 9/27/18 | Medical Request: My face and head is in severe pain |
| | "I will see you" - Nurse Baker, 9/28/18 at 12:03 p.m. |
| 9/27/18 | Tate County Jail Dental Report by Dr. Ruhl: allow to use Sensodyne toothpaste |
| 9/29/18 | Inmate Medical Request: reports pain to face; states he has a knot on gum line; states the knot is causing a shooting pain up to eye; states he can't breath; reports not being able to see; states vision is blurring; states after teeth were ground down he noticed pain (had false teeth placed in) |
| 9/29/19 | Medical Request: My face is hurting so bad and my head my eye teeth I'm so tired of being in pain I've been in pain since 8-14-18!!?????? |

| | |
|---|---|
| | "When the doctor comes in, you may see him." - Nurse Baker, 10/1/18 at 1:21 p.m. |
| 9/30/18 | Medical Request: My teeth are hurting so bad and my face the knot is getting bigger in my face??? |
| | "I will inform the doctor" - Nurse Baker, 10/1/18 at 1:22 p.m. |
| 10/1/18 | Medical Progress Notes of Nurse Baker[28] |
| | Time: 1139 |
| | Spoke with surgeon at Dr. Graves office concerning any follow-up that Johnson needed; She stated that she spoke with Dr. Graves, and no further treatment was needed; Johnson was fitted with dentures on 9/27/18 |
| 10/1/18 | The doctor always says there is nothing wrong with me I had already showed you and him my face he just gives me antibiotics and it will be OK well I'm not OK I can't breathe out of my nose I have knot in my face you told me you set me a appointment for the 29th of August with a maxioface surgeon then when the time came for me to go you said that they was not going to see me because it was a trauma then I go to the dentist and he ask what did they surgeon do to my face |
| | Today is 10-12-18 Tate county has failed to give me medical attention no response to my request on review you will see I jerry Johnson has requested medical treatment from Tate county jail reported to staff on 9-14-18 as of 10-12-18 I have had no medical to my face with multiple fractures to my face. (10/12/18 at 9:54 p.m.) |
| | Date is wrong reported 8-14-18 (10/12/18 at 10:01 a.m.) |

---

[28] Exhibit L at pg. 3.

"ok" - Chief V. Byrd, 12/17/18 at 10:33 a.m.

| | |
|---|---|
| 10/20/18 | Medical Request: I have a bit on the back of my leg that is black and blue I need it looked at asap this is the 3rd day I'm feeling sick<br><br>"This request has been addressed.  You will see the doctor today" - Nurse Baker, 10/23/18 at 11:12 a.m. |
| 10/22/18 | Medical Request: Chief V. Byrd u I have requested medical attention for my face I can't breathe out of the right side of my nose that is grown back crushed /fractured and I have a hug knot in my face where I had multiple fractures I have ask Tate county jail since 8-14-18 to give me proper medical treatment your staff has the x-rays of the fractured bones in my face noting has been done I need medical treatment that I am being denied the nurse just informed me she has gave a higher pay grade the information<br><br>"yes she told me that she and the doctor has looked at it" - Chief V. Byrd on 10/22/18 at 1:50 p.m. |
| 10/22/18 | Medical Request: Looked at a fractures in my face don't take a ct scan that I haven't had that the densit referred me to a mexilface surgeon that Tate county never took me and wouldn't even do anything to my face until I went and when I went to the dentist he ask what they did Tate county has not addressed my injury's and that's the truth check your records<br><br>"I will check with the nurse on your issue." - Sheriff B. Lance, 10/23/18 at 8:12 a.m. |
| 10/22/18 | Medical Request: I have blood derange badly out of the right side of nose<br><br>"You are seeing the doctor today" - Nurse Baker, 10/23/18 at 11:21 a.m. |

| | |
|---|---|
| 10/22/18 | Inmate Medical Request: has large contusion on back of left thigh; appears to be several days old; Johnson thinks it is a spider bite; no puncture wounds notes; appears to be injury from some sort of trauma; has some inflammation; no drainage; Johnson states it is painful; was given medicine |
| 10/23/18 | Dr. Ruhl orders a CT scan for Johnson at North Oak in Senatobia, MS.[29] |
| 10/26/18 | Plaintiff was provided with a refusal of medical service form, he returned the form without signing.[30] |
| 10/29/18 | Medical Request: Can I please get some nose spray<br><br>"Of course" - Nurse Baker, 10/30/18 at 12:47 p.m. |
| 11/13/18 | Medical Request: Nurse can I please get some more nasal spray afrin<br><br>"I will get you some once I get it approved from the doctor." - Nurse Baker, 11/17/18 at 11:57 a.m. |
| 11/28/18 | Medical Request: My ankle is hurt an I please get a ace bandage I can barley walk<br><br>"What happened to your ankle?" - Nurse Baker, 11/28/18 at 2:54 p.m. |
| 11/28/18 | Medical Request: I twisted it coming out the shower??<br><br>"I can see you today" - Nurse Baker, 11/29/18 at 12:47 p.m. |

## Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment

---

[29] Exhibit I.

[30] Exhibit J.

. . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard applies to pre-trial detainees under the Fourteenth Amendment and convicted inmates under the Eighth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996).

In cases such as this, arising from allegations of delayed medical attention, rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S. D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

"Deliberate indifference is not established when medical records indicate that [the plaintiff] was afforded extensive medical care by prison officials." *Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2015). Nor is it established by a physician not accommodating a prisoner's requests in a manner he desired or the prisoner's disagreement with the treatment. *Id.*; *Miller v. Wayback House*, 253 F. App'x 399, 401 (5th Cir. 2007). To meet his burden in establishing deliberate indifference on the part of medical staff, the plaintiff "must show that [medical staff] refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brauner*, 793 F.3d at 498.

**Discussion**

In this case, the plaintiff has not shown that the defendants were deliberately indifferent to his serious medical needs. As shown in detail above, Mr. Johnson received quite extensive medical care during his stay at the Tate County Jail, including being fitted for and provided partial dentures. An inmate cannot establish "[d]eliberate indifference [] when medical records indicate that [he] was afforded extensive medical care by prison officials." *Brauner, supra*. Further, the medical professionals Mr. Johnson saw concluded that his injuries were healing properly; thus, the treatment that he received was adequate. In this case, Mr. Johnson merely disagrees with the course of treatment – which does not state a claim for denial of medical care under 42 U.S.C. § 1983. *See Gibbs, supra*.

As set forth in the lengthy chronology of Mr. Johnson's medical treatment, jail officials attempted to set up appointments with various doctors and specialists in the area, but most of those medical professionals, for a variety of reasons, would not treat him. Some had decided not to provide treatment to inmates at all; one declined to treat Johnson because his injuries were due to trauma. Thus, to the extent that there was an initial delay in treating Johnson's nasal and dental problems, the

delay was caused by free-world physicians, not the defendant jail officials. In any event, Johnson's most recent medical assessment makes clear that his injuries have healed properly. Mr. Johnson's claims regarding denial of adequate medical treatment are therefore without substantive merit.

## Conclusion

For the reasons set forth above, the motion by the defendants for summary judgment will be granted, and judgment will be entered in favor of the defendants in all respects. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 5th day of December, 2019.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE